THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
No. 1:18-cv-502-WJO-JLW

| | | |
|---|---|---|
| **LLOYD BUFFKIN, et al.,** | ) | |
| | ) | |
| Plaintiffs, | ) | **DEFENDANTS' ANSWER TO** |
| | ) | **PLAINTIFFS' SUPPLEMENTAL** |
| v. | ) | **COMPLAINT** |
| | ) | |
| **ERIK HOOKS, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

Now Come Defendants, Erik Hooks, Kenneth Lassiter, Paula Smith, Abhay Agarwal, and the North Carolina Department of Public Safety to respond to the numbered paragraphs of Plaintiffs' supplemental complaint (DE-79) as follows:

1. Defendants specifically deny that their actions or any policies of the North Carolina Department of Public Safety (the "Department") violated, now or ever, the Eighth Amendment or the Americans with Disabilities Act. Defendants admit that Plaintiffs initially filed this action on the date alleged, and that they asserted the claims alleged. Defendants deny any remaining allegations contained in this paragraph.

2. Defendants incorporate by reference all responses to the corresponding allegations asserted in Plaintiffs' initial complaint.

3. Defendants admit that the Court's order, DE-55, is a written document that speaks for itself. Defendants deny any allegations contained in this paragraph to the extent they are inconsistent with said document.

4. Defendants admit that this paragraph refers to a written document, the Court's order, DE-55, that speaks for itself. Defendants deny any allegations contained in this paragraph to the extent they are inconsistent with said document.

5. Defendants admit that on March 25, 2019, the Department updated CP-7, which is a written document that speaks for itself. Defendants deny any remaining allegations contained in this paragraph to the extent they are inconsistent with said document.

6. Defendants admit that Dr. Andrew Muir filed an affidavit, which is a written document and speaks for itself. Defendants specifically deny any assertions or allegations, either in Dr. Muir's affidavit or in this paragraph, that Defendants actions and/or policies constitute a violation of the Eighth Amendment, the Americans with Disabilities Act, or any other legal right of any patient in the North Carolina prison population. Defendants deny any remaining allegations contained in this paragraph.

7. Defendants admit that Anita Wilson, MD, was primarily responsible for drafting the update CP-7, and that she was the Medical Director at the time of such drafting. Defendants deny any other allegations contained in this paragraph.

8. Defendants admit that this paragraph refers to CP-7, which is a written document that speaks for itself. Defendants deny any allegations contained in this paragraph to the extent they are inconsistent with said document.

9. Denied.

10. Defendants admit that this paragraph refers to CP-7, which is a written document that speaks for itself. Defendants deny any allegations contained in this paragraph to the extent they are inconsistent with said document.

11. Defendants admit that this paragraph refers to CP-7, which is a written document that speaks for itself. Defendants deny any allegations contained in this paragraph to the extent they are inconsistent with said document.

12. Defendants admit that this paragraph refers to CP-7, which is a written document that speaks for itself. Defendants deny any allegations contained in this paragraph to the extent they are inconsistent with said document.

13. Defendants admit that the Federal Bureau of Prisons document referenced in this paragraph is a written document that speaks for itself. Defendants deny any allegations contained in this paragraph to the extent they are inconsistent with said document.

14. Defendants admit that the Federal Bureau of Prisons document referenced in this paragraph is a written document that speaks for itself. Defendants deny any allegations contained in this paragraph to the extent they are inconsistent with said document.

15. Defendants admit that this paragraph refers to a Federal Bureau of Prisons document, which is a written document that speaks for itself. Defendants deny any allegations contained in this paragraph to the extent they are inconsistent with said document.

16. Defendants admit that this paragraph refers to a Federal Bureau of Prisons document, which is a written document that speaks for itself. Defendants deny any allegations contained in this paragraph to the extent they are inconsistent with said document.

17. Defendants admit that this paragraph refers to a Federal Bureau of Prisons document, which is a written document that speaks for itself. Defendants deny any allegations contained in this paragraph to the extent they are inconsistent with said document.

18. Defendants admit that the Federal Bureau of Prisons document referenced in this paragraph is a written document that speaks for itself. Defendants deny any allegations contained in this paragraph to the extent they are inconsistent with said document.

19. Defendants admit that this paragraph refers to a Federal Bureau of Prisons

document, which is a written document that speaks for itself. Defendants deny any allegations contained in this paragraph to the extent they are inconsistent with said document.

20. Defendants specifically deny that the updated CP-7 creates a substantial risk to the health and safety of any patient in the North Carolina prison population. Defendants further deny any other allegations contained in this paragraph.

21. Denied.

22. Defendants admit that the Department only operates one Hepatology clinic, which is located in Central Prison. Defendants also admit that this clinic operates approximately 12 hours per week. Defendants further admit that medical providers, with whom the Department contracts, provide an array of medical services related to Hepatology to patients through the clinic. Defendants deny any other allegations contained in this paragraph.

23. Because this paragraph does not assert where, when, or how, the alleged estimate was communicated, Defendants lack sufficient knowledge and information to admit or deny the allegations contained in this paragraph and therefore deny the same.

24. Denied.

## CAUSES OF ACTION

### Count I – Eighth Amendment to the U.S. Constitution, via 42 U.S.C. § 1983

25. Denied.

26. Denied.

### Count II – Americans with Disabilities Act, 42 U.S.C. §12131, *et seq.*

27. This paragraph states a legal conclusion, which does not require a response. To the extent a response is required, Defendants admit that the Americans with Disabilities Act is a

4

written document, which speaks for itself. Defendants deny any allegations contained in this paragraph to the extent they are inconsistent with said document.

28. This paragraph states a legal conclusion, which does not require a response. To the extent a response is required, Defendants admit that the Americans with Disabilities Act is a written document, which speaks for itself. Defendants deny any allegations contained in this paragraph to the extent they are inconsistent with said document.

29. This paragraph states a legal conclusion, which does not require a response. To the extent a response is required, Defendants admit that the Americans with Disabilities Act is a written document, which speaks for itself. Defendants deny any allegations contained in this paragraph to the extent they are inconsistent with said document.

30. This paragraph states a legal conclusion, which does not require a response. To the extent a response is required, Defendants admit that the Americans with Disabilities Act is a written document, which speaks for itself. Defendants deny any allegations contained in this paragraph to the extent they are inconsistent with said document. Furthermore, Defendants lack sufficient knowledge and information to admit or deny any remaining allegations contained in this paragraph and therefore deny the same.

31. This paragraph states a legal conclusion, which does not require a response. To the extent a response is required, Defendants admit that the Americans with Disabilities Act is a written document, which speaks for itself. Defendants deny any allegations contained in this paragraph to the extent they are inconsistent with said document. Furthermore, Defendants lack sufficient knowledge and information to admit or deny any remaining allegations contained in this paragraph and therefore deny the same.

32. Denied.

**FURTHER ANSWERING PLAINTIFFS' SUPPLEMENTAL COMPLAINT AND AS FURTHER DEFENSES THERETO, DEFENDANTS AVER AS FOLLOWS:**

**FIRST FURTHER DEFENSE**

The supplemental complaint fails, in whole or in part, to state valid claims for relief against Defendants, and this Court should therefore dismiss the same.

**SECOND FURTHER DEFENSE**

The Eleventh Amendment and sovereign immunity, which Defendants assert in this action as a bar to all applicable claims, shields Defendants from liability.

**THIRD FURTHER DEFENSE**

Defendants assert that they acted in good faith, without malice, and with the reasonable belief that their actions were lawful and consistent with Plaintiffs' clearly established rights at all times. Therefore, the doctrine of qualified immunity, which Defendants specifically assert as a defense and bar to all applicable claims in this action, protects them from liability.

**FOURTH FURTHER DEFENSE**

To the extent not already asserted herein, Defendants plead all other applicable immunities (including absolute immunity), to which they are entitled by law, as a complete bar to all applicable claims in this action.

**FIFTH FURTHER DEFENSE**

Defendants deny that they violated any of Plaintiffs' constitutional or other legal rights. Defendants specifically deny that they subjected Plaintiffs to cruel and unusual punishment, deliberately indifferent conduct, or intentional conduct at any time in violation of Plaintiffs'

constitutional or other legal rights.

## SIXTH FURTHER DEFENSE

The Prison Litigation Reform Act bars Plaintiffs' claims, in whole or in part. Specifically, Defendants plead Plaintiffs' failure to exhaust all administrative remedies as a defense to all applicable claims asserted in this action.

## SEVENTH FURTHER DEFENSE

Defendants specifically plead that Plaintiffs seek prospective relief that exceeds this Court's authority under 18 U.S.C. § 3626.

## EIGHTH FURTHER DEFENSE

To the extent that Plaintiffs complain of alleged (but denied) wrongful conduct, which occurred outside the applicable statute(s) of limitation for their claims, Defendants plead the same in bar of Plaintiffs' claims against them.

## NINTH FURTHER DEFENSE

Any and all medical services provided by Defendants Smith and Agarwal were provided in accordance with the applicable standards of care and in accordance with due care, and pursuant to their best judgment, and Plaintiffs are therefore barred from recovery as against Defendants Smith and Agarwal.

## TENTH FURTHER DEFENSE

Plaintiffs had a duty to exercise reasonable care for their own well-being. As a direct and proximate result of their own contributory negligence, Plaintiffs contributed in whole or in part to the injury of which they now complain, and Defendants plead the contributory negligence of Plaintiffs in bar of Plaintiffs' claims against them.

## ELEVENTH FURTHER DEFENSE

Should the evidence show that the Plaintiffs failed to follow the medical advice given to them by healthcare providers, or otherwise failed to mitigate and/or lessen the extent of their injuries and/or damages, if any, as required by law, and thus failed to mitigate their damages, the same is hereby pleaded in bar of Plaintiffs' right to recover anything from Defendants in this action.

## TWELFTH FURTHER DEFENSE

The Defendants actions or inactions were not the proximate cause of the Plaintiffs' alleged injuries or damages.

## THIRTEENTH FURTHER DEFENSE

To the extent that Plaintiffs' claims pertain to the treatment, if any, provided by Defendants Smith and Agarwal or their professional medical judgment regarding forms of treatment, Plaintiffs have failed to state a claim reviewable under 42 U.S.C. § 1983, and Defendants Smith and Agarwal plead such failure in bar of Plaintiffs' claims against them.

## FOURTEENTH FURTHER DEFENSE

Plaintiffs fail to state claims upon which relief can be granted for alleged violations by Defendants of the Americans with Disabilities Act and the Rehabilitation Act of 1973. Plaintiffs fail to set forth or forecast facts that establish that they were denied care, treatment, or other services because of any discriminatory intent or animus either solely or partially motived by Plaintiffs' alleged disability, and those claims should therefore be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## FIFTEENTH FURTHER DEFENSE

Plaintiffs lack standing to bring the claims and seek the relief requested in the supplemental complaint.

## SIXTEENTH FURTHER DEFENSE

Attorneys' fees are not appropriate in this case. If the court determines that attorneys' fees are appropriate, then such fees should be limited to an hourly rate that is 150 percent of the hourly rate established under 17 U.S.C. § 3006A for court appointed counsel.

## SEVENTEENTH FURTHER DEFENSE

To the extent that Defendants modify the policy or practice related to the treatment of inmates who have chronic HCV, the claims asserted in the supplemental complaint will become moot.

## EIGHTEENTH FURTHER DEFENSE

Any order requiring an expenditure of public funds by the Department, which exceeds available appropriations, would constitute an inappropriate incursion by the Court into functions, which have been constitutionally delegated to the state legislative branch of government.

## NINETEENTH FURTHER DEFENSE

Plaintiffs seek relief that far exceeds Defendants' personnel, facility, and resource capacities. Therefore, the requested relief imposes an undue financial burden and is impossible.

## TWENTIETH FURTHER DEFENSE

Plaintiffs seek relief that would impose an undue hardship on Defendants, who plead the same as a bar to Plaintiffs' ADA claims.

## TWENTY-FIRST FURTHER DEFENSE

9

Defendants reserve the right, as allowed by law or the Court, to amend their Answer to the supplement complaint to assert any additional affirmative or other defenses allowed by the Federal Rules of Civil Procedure that develop or arise as additional evidence is discovered during the course of this litigation.

**PRAYER FOR RELIEF**

**WHEREFORE**, Defendants pray as follows:

1. That the Plaintiffs' claims be dismissed with prejudice;
2. That Plaintiffs recover nothing in this action from them;
3. That Plaintiffs recover no equitable relief;
4. That costs of this action, including reasonable attorney's fee, be taxed to Plaintiffs;
5. That the Court grant Defendants such additional and further relief as it deems appropriate; and
6. For a trial by jury on all issues so triable.

This the 2nd day of December, 2019.

**JOSHUA H. STEIN**
**ATTORNEY GENERAL**

/s/ Orlando L. Rodriguez
Orlando L. Rodriguez
Assistant Attorney General
N.C. State Bar No. 43167
N.C. Department of Justice
Public Safety Section
9001 Mail Service Center
Raleigh, North Carolina 27699-9001
Telephone: (919) 716-6516
Facsimile: (919) 716-6761
E-Mail: orodriguez@ncdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on this day I served **DEFENDANTS' ANSWER TO PLAINTIFFS' SUPPLEMENTAL COMPLAINT**, via first class mail to the following counsel of record:

| | |
|---|---|
| Mani Dexter | Emily Seawell |
| Michele Luecking-Sunman | Daniel K. Siegel |
| Mary Pollard | Irena Como |
| N.C. Prisoner Legal Services, Inc. | ACLU of North Carolina |
| P.O. Box 25397 | Legal Foundation |
| Raleigh, NC 27611 | P.O. Box 28004 |
| (919) 856 2220 | Raleigh, NC 27611 |
| mlueckingsunman@ncpls.org | (919) 834-3466 |
| mdexter@ncpls.org | eseawell@acluofnc.org |
| mpollard@ncpls.org | dsiegel@acluofnc.org |
| | icomo@acluofnc.org |

This the 2nd day of December, 2019.

/s/ Orlando L. Rodriguez
Orlando L. Rodriguez
Assistant Attorney General