IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

LLOYD BUFFKIN, et al., )
)
        Plaintiffs, )
)
   v. ) 1:18CV502
)
ERIK HOOKS, et al., )
)
        Defendants. )

## **RECOMMENDATION OF THE UNITED STATES MAGISTRATE**

    Plaintiffs Lloyd Buffkin, Kim Caldwell, and Robert Parham (hereinafter "Plaintiffs") initiated this class action against the North Carolina Department of Public Safety ("NCDPS") and their named officials, challenging the department's policies for the screening, monitoring, and treating of persons with the Hepatitis C virus ("HCV"), in state prisons. (*See* Compl., Docket Entry 1; Suppl. Compl., Docket Entry 79.) Pending before the Court is a motion by Isrrael Lenin Suarez ("Suarez" or "Movant") to intervene as a plaintiff. (Docket Entry 91.) Plaintiffs filed a response in opposition to Suarez's motion. (Docket Entry 96.) For the following reasons, the Court will recommend that Suarez's motion to intervene be denied.

### I. Background

    According to the Complaint, Plaintiffs are state prisoners who receive medical care from the NCDPS. (Compl. ¶¶ 1, 13-15, Docket Entry 1.)[1] Plaintiffs have been diagnosed with and requested treatment for HCV, "a highly communicable disease that scars the liver

---

[1] A detailed factual background is set forth in the undersigned's previous Recommendation, (*see* Docket Entry 38 at 1-7).

and presents" other health risks. (*Id.* ¶ 1.) At the time of the filing of the Complaint, Plaintiffs were not receiving HCV treatment. (*Id.* ¶ 3.) The individual Defendants are all employed by the North Carolina state prison system. (*Id.* ¶¶ 17-20.)

Plaintiffs bring claims under 42 U.S.C. § 1983, alleging: (1) that Defendants' policy of screening only those prisoners with certain risk factors, rather than screening all prisoners under an opt-out system, is deliberately indifferent to the risk that prisoners with HCV will evade detection and will not receive the necessary treatment, (*id.* ¶¶ 36, 80-82), and (2) that Defendants' policy of providing direct-acting antiviral drug ("DAA") treatment only to certain prisoners based on FibroSure test scores and contraindications is deliberately indifferent to the risk that individuals who do not meet the policy criteria may still suffer serious health consequences from HCV. (*See id.* ¶¶ 95-98, 108.) Plaintiffs further allege that Defendants violated the Americans with Disabilities Act by discriminatorily withholding medical treatment from Plaintiffs while providing treatment to prisoners with other health issues. (*Id.* ¶¶ 112-17.)

Plaintiffs moved to certify the class and also moved for a preliminary injunction. (Docket Entries 3, 26.) The undersigned recommended that Plaintiffs' motion to certify class be granted, and that "the class be defined as 'all current and future prisoners in DPS custody who have or will have chronic [HCV] and have not been treated with [DAAs].' " (Docket Entry 38 at 32.) The undersigned further recommended that a preliminary injunction be issued. (*See id.* at 33.) By order dated March 20, 2019, the Court adopted the recommendation in part, (1) allowing certification of the class; (2) ordering Defendants to provide DAA treatment to the named Plaintiffs; (3) enjoining in its entirety NCDPS Policy #CP-7; and (4)

2

denying Plaintiffs' request for the institution of universal opt-out screening. (*See* Docket Entry 55.) Shortly thereafter, discovery commenced in this action. (Docket Entry 61.) Nearly a year later, Suarez filed the instant motion to intervene. (Docket Entry 91.) Plaintiffs have filed a response. (Docket Entry 96.)

In his motion, Suarez states that he is incarcerated at Albemarle Correctional Institution. (Docket Entry 91 at 2.) Suarez has been diagnosed with HCV and has been denied treatment by medical staff. (*Id.*) Suarez has petitioned the Court to intervene in this matter pursuant to Federal Rule of Civil Procedure 24. (*Id.* at 1.)

## II. Analysis

Rule 24(a) of the Federal Rules of Civil Procedure requires the Court to permit a person to intervene who

> (1) is given an unconditional right to intervene by a federal statute; or
>
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a). Under this rule, the would-be intervenor must file a "timely motion" to intervene (*id.*), and the motion "must be served on the parties," setting forth "the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c). "[T]o intervene as a matter of right under Rule 24(a), a movant generally must satisfy four criteria: (1) timeliness, (2) an interest in the litigation, (3) a risk that the interest will be impaired absent intervention, and (4) inadequate representation of the interest by the existing parties." *Scott v. Bond*, 734 F. App'x 188, 191 (4th

3

Cir. 2018) (citation omitted). When assessing the timeliness of a motion to intervene, the Court assesses three factors: "first, how far the underlying suit has progressed; second, the prejudice any resulting delay might cause the other parties; and third, why the movant was tardy in filing [his] motion." *Alt v. U.S. E.P.A.*, 758 F.3d 588, 591 (4th Cir. 2014).

In the instant matter, Suarez's motion to intervene is untimely, given the advanced stage of litigation here. At the time of Suarez's filing, fact discovery had concluded, and the current parties had been in formal mediation for two months. Furthermore, it appears that Suarez seeks to add several other claims to the litigation. (*See* Docket Entry 91 at 9.) If intervention was permitted there will be significant delays in the litigation due to the inevitable extension of numerous court deadlines, some of which have already passed. This delay will certainly be prejudicial to the current parties. Moreover, it is unclear why Suarez waited until this point in litigation to file a motion to intervene in this matter. The undersigned does note that the attachments to Suarez's motion reflect that he was attempting to exhaust his administrative grievances through December 31, 2019, and attempted to file his motion (albeit in the incorrect district) less than a month later, on January 21, 2020. (*See* Docket Entry 91.) Even if that factor weighs in his favor, considering the progress of the instant matter, and the significant prejudice to the other parties, Suarez's motion should be deemed untimely and thus denied. *Bond*, 734 F. App'x at 191 ("Timeliness is a central consideration when deciding a motion to intervene, and a movant's failure to seek intervention in a timely manner is sufficient to justify denial of such motion.").

Beyond the untimeliness of his motion, the additional criteria set forth in *Bond* does not advance Suarez's argument for intervention. Suarez does have an interest in the current

4

litigation; however, there is minimal risk that such interest will be impaired absent intervention. As previously stated, the named Plaintiffs have successfully certified a class that is defined as "all current and future prisoners in [NC]DPS custody who have or will have chronic [HCV] and have not been treated with [DAAs]." (Docket Entry 55 at 35.) Suarez is situated squarely within the certified class; that is, he is incarcerated in a NCDPS facility and has not received treatment for his chronic HCV. (*See* Docket Entry 91 at 1.) Thus, there is little to no risk that his interests related to the prison's treatment of HCV will be impaired absent intervention.

Lastly, the Court notes that the named Plaintiffs (Lloyd Buffkin and Robert Parham) in the case remain adequate class representatives and Suarez has not suggested otherwise. In their responsive brief, Plaintiffs indicate that both class representatives have received a round of treatments with DAAs, however "recent blood tests have revealed that Plaintiff Buffkin still has chronic [HCV] for which he continues to seek treatment." (Docket Entry 96 at 7.) Thus, there is no indication here that named Plaintiffs are no longer adequate class representatives. In sum, Suarez has failed to demonstrate that he should, as a matter of right, be able to intervene as a plaintiff in this matter pursuant to Rule 24(a).

Similarly, Suarez fails to demonstrate that permissive intervention should be allowed. Under Rule 24(b) of the Federal Rules of Civil Procedure, a court may permit intervention, upon a timely motion, of any party who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b). The decision to grant or deny a motion for permissive intervention "lies within the sound discretion of the trial court" although "some standards have been developed to guide the courts in making intervention determinations." *Hill v. W. Elec. Co. Inc.*, 672 F.2d 381, 386 (4th Cir. 1982). In determining

whether to grant a motion to intervene under Rule 24(b), "the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

As previously discussed, allowing Suarez to intervene at this time would both unduly delay this action and prejudice the existing parties, particularly given their mediation efforts and continued independent negotiations. Additionally, the Court notes that the deadline for summary judgment motions is only several weeks away, and trial is set to begin in October 2020. Simply put, the Court "[i]s reasonably reluctant to arrest the momentum of the lawsuit so near to its final resolution." *Alt*, 758 F.3d at 591. As such, Suarez should not be permitted to intervene under Rule 24(b).[2]

### III. Conclusion

For the reasons stated herein, **IT IS HEREBY RECOMMENDED** that Isrrael Suarez's Motion to Intervene (Docket Entry 91) be **DENIED**.

  _____
  Joe L. Webster
  United States Magistrate Judge

June 10, 2020
Durham, North Carolina

---

[2] The Court notes that Plaintiffs have suggested that Suarez can properly participate in the litigation as a class member if he so desires. (*See* Docket Entry 96 at 8.)