IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

LLOYD BUFFKIN, KIM CALDWELL,      )
and ROBERT PARHAM,                )
                                  )
            Plaintiffs,           )
                                  )
      v.                          )      1:18CV502
                                  )
ERIK HOOKS, ABHAY AGARWAL,        )
KENNETH LASSITER, PAULA SMITH,    )
and NORTH CAROLINA DEPARTMENT     )
OF PUBLIC SAFETY,                 )
                                  )
            Defendants.           )

**ORDER**

This matter comes before the court on the parties' Joint Motion for Preliminary Approval of Proposed Consent Decree, (Doc. 110), and class settlement agreement therein. Upon full consideration of the parties' motion, and following a hearing on the fairness, adequacy and reasonableness of the proposed consent decree held March 1, 2021, in addition to those findings stated on the record at the conclusion of the hearing, the court further finds as follows:

1.   In compliance with this court's previous orders directing notice of the proposed consent decree to the plaintiff class members, (Docs. 114, 119), such notice has been so provided, meets the requirements of Rule 23(c)(2)(A), and satisfies any due process considerations.

2.    The court has considered the objections to the proposed consent decree from approximately twenty-eight class members, (Doc. 128), and the court overrules the objections.

3.    Upon review of the terms of the consent decree, (Doc. 123-1), and taking into account the arguments of counsel, the court concludes that the consent decree is narrowly drawn, extends no further than necessary to correct the alleged violation of plaintiff class members' rights under the Eighth Amendment and Americans with Disabilities Act, and is the least intrusive means necessary to correct the alleged deprivations, in compliance with the Prison Litigation Reform Act, 18 U.S.C. § 3626.

4.    The court has thoroughly evaluated all factors for approval of class settlement agreements pursuant to In re Jiffy Lube Sec. Litig., 927 F.2d 155, 159 (4th Cir. 1991), and finds that the settlement as set forth in the proposed consent decree is in all respects fair, reasonable, adequate, and in the best interests of the plaintiff class members, in accordance with Federal Rule of Civil Procedure 23(e)(2).

5.    The consent decree is hereby granted final approval and shall be consummated in accordance with the terms and provisions thereof, except as may be amended by any order issued by this court. The parties are hereby directed to perform the

terms of the consent decree. The parties and all plaintiff class members shall be bound by its terms.

6.   As contemplated in the proposed consent decree, the parties have not sought fees and costs at this time but are not precluded from doing so in accordance with the applicable rules of civil procedure.

Therefore, **IT IS HEREBY ORDERED** that:

1.   The joint motion for approval and entry of consent decree, (Doc. 110), is **GRANTED.**

2.   The proposed consent decree and settlement agreement therein, (Doc. 123-1), are **APPROVED** pursuant to Federal Rule of Civil Procedure 23(e).

3.   The consent decree is attached hereto and incorporated herein by reference and **ENTERED** as part of this Order.

4.   The court hereby retains exclusive and continuing jurisdiction over the parties and all matters relating to this action for the term of the consent decree, as set forth therein, in order to enter any further orders that may be necessary or appropriate in administering or implementing the terms and provisions of the consent decree, and/or in making any other necessary rulings. Any and all claims not addressed herein are dismissed. A judgment is filed contemporaneously herewith.

-3-

This the 8th day of March, 2021.

_____
United States District Judge

Case 1:18-cv-00502-WO-JLW   Document 131   Filed 03/08/21   Page 4 of 4